UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICE SPIRITS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>THE VICE WINES, LLC, et al.,<br><br>Defendants. | Case No. 25-cv-02080-JST<br><br>**ORDER REGARDING MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS**<br><br>Re: ECF Nos. 18, 22 |

Before the Court is Defendants The Vice Wines, LLC and The Vice Wines CA, LLC's (collectively "Vice Wines") motion to dismiss, ECF No. 18, and Plaintiff Vice Spirits Incorporated's motion for preliminary injunction, ECF No. 22. The Court will grant the motion to dismiss and deny as moot the motion for preliminary injunction.

**I.    BACKGROUND**

For the purpose of resolving the present motion to dismiss, the Court accepts as true the following factual allegations from the complaint, ECF No. 1. "Vice Spirits holds multiple registrations for the VICE Marks in the United States and Canada, including U.S. Trademark Registration No. 3,996,154 for 'VICE,' covering alcoholic beverages (e.g., vodka-based cocktails and icewine)." *Id.* ¶ 12. Vice Spirits, "[t]ogether with its predecessor in interest, . . . has for many years used the VICE Marks in connection with premium alcoholic beverages, including vodka-based ready-to-drink cocktails and icewine." *Id.* ¶ 11. Vice Wines, despite knowing of Vice Spirits' senior rights in the VICE Marks, adopted "THE VICE" and "VICES" labeling on wine and/or wine cocktail products. *Id.* ¶ 13. The United States Patent and Trademark Office has refused to give Vice Wines related trademarks because it found a likelihood of confusion with Vice Spirits' existing trademarks. *Id.* ¶ 14. Vice Spirits, through counsel, sent a cease-and-desist

1  letter to Vice Wines in April 2024, but Vice Wines continues to market, sell, and distribute wine
2  and wine cocktails using VICE marks. *Id.*

3  Vice Spirits filed the complaint in this action, ECF No. 1, on February 27, 2025, asserting
4  claims for: (1) federal trademark infringement, 15 U.S.C. § 1114, (2) false designation of origin
5  and unfair competition, 15 U.S.C. § 1125(a), (3) trademark dilution, 15 U.S.C. § 1125(c), and (4)
6  common law trademark infringement, Cal. Bus. & Prof. Code § 17200.

7  On April 11, 2025, Vice Wines moved to dismiss the complaint. ECF No. 18. Vice Spirits
8  opposes the motion, ECF No. 25, and Vice Wines has filed a reply, ECF No. 27. On April 16,
9  2025, Vice Spirits moved for a preliminary injunction, ECF No. 22. Vice Wines opposes that
10 motion, ECF No. 26, and Vice Spirits filed a reply, ECF No. 28. The Court held a hearing on both
11 motions on July 3, 2025.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

### A. Motion to Dismiss

#### 1. The Complaint Adequately Identifies the Conduct of Each Defendant

In order to satisfy the notice requirement of Rule 8(a)(2), a plaintiff "must identify what action each Defendant took that caused Plaintiff''s harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *3 (N.D. Cal. Sept. 20, 2011) (finding that, "by lumping all eight [defendants] together, Plaintiffs have not stated sufficient facts to state a claim for relief that is plausible against one Defendant"). "Put another way, a plaintiff's allegations must 'provide sufficient notice to all the Defendants as to the nature of the claims being asserted against them,' including 'what conduct is at issue.'" *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *Villalpando v. Exel Direct Inc.*, No. 12-cv-04137 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014)). "[W]hen a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to [a plaintiff's] allegations." *Adobe*, 125 F. Supp. 3d at 964 (internal quotation marks omitted).

Vice Wines argues that the Court should dismiss the complaint "because it impermissibly lumps together allegations against Defendants and fails to differentiate which acts are attributable to any particular Defendant." ECF No. 18 at 4. Vice Wines objects that the complaint does not differentiate between the two named Vice Wines entities or the Doe Defendants. The Court finds that neither of these concerns rises to the level of denying Vice Wines fair notice of the conduct alleged against it. "While [Vice Spirits] makes claims against 'Defendants' generally in certain paragraphs of the Complaint, the term 'Defendants' is clearly inclusive of" both Vice Wines entities named, and "the clear gravamen of [the] allegations in the instant lawsuit are that all Defendants infringed" Vice Spirits' trademark. *See Niantic, Inc. v. Global++*, No. 19-cv-03425-JST, 2019 WL 8333451, at *4 (N.D. Cal. Sept. 26, 2019).[1] Likewise, the Court finds that the use

---

[1] This case is unlike *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011), cited by Vice Wines. In that case, the plaintiff sued only one named

3

1    of placeholder Doe Defendants in this case does not create a Rule 8 issue.  "While the use of Doe
2    pleading is generally disfavored in federal court, in circumstances where the identity of the
3    defendants is not known prior to the filing of a complaint, 'the plaintiff should be given an
4    opportunity through discovery to identify the unknown defendants, unless it is clear that discovery
5    would not uncover the identities, or that the complaint would be dismissed on other grounds.'"
6    *Ramirez v. Cnty. of San Diego*, No. 24-CV-366-MMA-BLM, 2024 WL 2219012, at *3 (S.D. Cal.
7    May 15, 2024) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also*
8    *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (district court erred in dismissing
9    plaintiff's complaint against Doe defendant "simply because [plaintiff] was not aware of Doe's
10   identity at the time he filed his complaint").  Accordingly, the Court finds that Vice Spirits'
11   allegations provide sufficient notice to Vice Wines as to the nature of the claims being asserted
12   against it.  *See Adobe*, 125 F. Supp. 3d 945 at 964.

### 2.     Continuous Use

"A person claiming senior rights in a trademark must establish not only that he or she used the mark before the mark was registered, but also that such use has continued to the present." *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005).  "To demonstrate priority of use, a party must demonstrate that (1) they actually 'adopted and used the mark[ ] in commerce' in a way that sufficiently associated the mark with the party; and (2) their 'use of the mark[ ] was continuous and not interrupted[.]'"  *Joshua Tree Brewery, LLC v. Balance Rock Brewing Co., Inc.*, No. 5:20-CV-00361-SHK, 2021 WL 4894270, at *8 (C.D. Cal. Sept. 15, 2021) (quoting *Dep't of Parks and Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125-26 (9th Cir. 2006)).  "Even short periods of nonuse can break the chain of continuous use."  *Spin Master, Ltd. v. Zobmondo Ent., LLC*, 944 F. Supp. 2d 830, 851 (C.D. Cal. 2012).  Continuous use must be pleaded as an element of the claim.  *See 6th St. Partners, LLC v. Bd.*, No. 21-CV-06595-RSW(LJPRX), 2021 WL 8445826, at *5 (C.D. Cal. Dec. 3, 2021).

---

defendant and fifty doe defendants, including a lender, a loan servicer, and potentially a loan broker.  *Id.* at *3 ("Defendants' general business practice was to steer borrowers toward a risky loan without adequate disclosure").  Plaintiff made no factual allegations about the named defendant and never identified its role in the plaintiff's loan transaction.

4

Vice Spirits alleges that it "has used the VICE Marks" and "has for many years used the VICE Marks," but these statements are insufficient to show that it was "the first to actually use the mark." ECF No. 1 ¶¶ 1, 11; *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir.), *as modified,* 97 F.3d 1460 (9th Cir. 1996); *see Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 916 (N.D. Cal. 2023) (plaintiff's allegation that "it has used its mark continuously for decades through the United States to promote its goods and products" insufficiently supported with detailed facts). And although Vice Spirits does allege that Vice Spirits, "[t]hrough continuous use, substantial marketing, and consistent quality controls, . . . has built significant goodwill and consumer recognition in the VICE Marks," it does not allege that its continuous use predates Vice Wines' use, that its predecessor engaged in continuous use, or even on what date Vice Spirits acquired the rights to the mark from its predecessor (from which one could infer when Vice Spirits' continuous use began). ECF No. 1 ¶ 11. For these reasons, the allegations regarding continuous use fall short.

The remaining allegation that Vice Spirits and its predecessor "ha[ve] for many years used the VICE Marks" is too vague to meet Vice Spirits' obligation to plead continuous use, especially in light of the mark's change of ownership. *See 6th Street Partners, LLC v. Board*, No. CV 21-06595-RSWL-JPRx, 2021 WL 8445826, at *4–5 (C.D. Cal. Dec. 3, 2021) (plaintiff failed to allege continuous use where complaint alleged that COVID-19 pandemic "slowed operations" without further explanation because "Plaintiff has the burden to affirmatively plead its continuous use of the Mark" and "[c]ontinuous usage is not established simply by showing non-abandonment") (citation modified)). Since Vice Spirits must adequately allege continuous use to plead claims sounding in federal and common law trademark rights, *Spin Master*, 944 F. Supp. 2d at 851–52, the Court will dismiss all four of Plaintiff's trademark claims with leave to amend.

### 3. Trademark Dilution Claim

To prevail on a dilution claim, "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *ArcSoft, Inc. v. CyberLink Corp.*, 153 F. Supp. 3d

5

1057, 1065 (N.D. Cal. 2015).  The Lanham Act defines "famous" as "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner."  15 U.S.C. § 1125(c)(2)(A).

Vice Wines argues that Vice Spirits fails to plead that its mark was famous when Vice Wines began selling its wine in 2016.  ECF No. 18 at 7.  Vice Spirits responds that "fame is a factual question typically left for summary judgment or trial," and it is sufficient that the complaint alleges that the "VICE" mark "is distinctive, has been widely marketed, and is recognized in the alcoholic beverage sector."  ECF No. 25 at 6 (citing ECF No. 1 ¶¶ 26–28).

Vice Wines has the better argument.  A trademark holder enjoys trademark dilution protection only if its mark is a "household name."  *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002), *superseded on other grounds as recognized in Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 870 (9th Cir. 2020).  Vice Spirits has not pled facts sufficient to state a "facially plausible" claim for trademark dilution.  *Iqbal*, 556 U.S. at 678.  The facts it alleges about "substantial marketing" and "consumer recognition," ECF No. 1 ¶ 11, fall short of "plausibly plead[ing] that the general public of the United States is familiar with" its mark.  *MGA Ent., Inc. v. Dynacraft BSC, Inc.*, No. 2:17-cv-08222-OQW-KS, 2018 WL 2448123, at *6 (C.D. Cal. May 30, 2018) (dismissing trademark dilution claim even where plaintiff alleged "more than 10 million [products] have been sold worldwide to date [and] it has spent millions of dollars to develop, build, and promote the [product]").

The failure to plead fame adequately provides an independent basis to dismiss Vice Spirits' trademark dilution claim.  Although the Court is skeptical that this deficiency can be cured through amendment, the Court nonetheless will grant leave to amend.

### 4. Common Law Trademark Rights

Finally, Vice Wines argues that Vice Spirits' common law trademark claim fails because "Plaintiff does not plead *any* facts to establish common law trademark rights" and thus Vice Wines is "left to guess at when any such alleged use began, where any products bearing the mark were sold, and what those products were."  ECF No. 18 at 8 (emphasis in original).  Vice Spirits responds only that "[i]f Plaintiffs' federal infringement allegations are sufficient, so are the

1 parallel common law claims." ECF No. 25 at 5–6.  Because the Court finds the federal
2 infringement allegations are insufficient, it also will dismiss this claim.

### CONCLUSION

For the reasons set forth above, the Court grants Vice Wines' motion to dismiss.  Within 21 days of this order, Vice Spirits may file an amended complaint solely to correct the deficiencies outlined above.  Because the Court has dismissed all of Vice Spirits' claims, the Court denies as moot Vice Spirits' motion for preliminary injunction.

**IT IS SO ORDERED.**

Dated:  October 28, 2025



JON S. TIGAR
United States District Judge